## James H. Walker et al.
### v.
## William J. Grant.

*Master and Servant—Recovery of Wages—Traveling Salesman—Expenses of.*

Where a contract of service provides for a given salary and traveling expenses, the employer can not subsequently limit such expenses to a given sum.

[Opinion filed March 13, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Arba N. Waterman, Judge, presiding.

Messrs. Trumbull, Willits, Robbins & Trumbull, for appellants.

Mr. P. O'Neil Byrne, for appellee.

Moran, P. J. · Appellee was employed by appellants as a traveling salesman on a salary and traveling expenses. His accounts for traveling expenses had always been allowed and paid while he was in appellants' employ until those incurred by him on the last three trips he made were presented.

Prior to the last three trips appellant Walker had a conversation with appellee, in which said Walker told him that his traveling expenses must not exceed $5 per day; that he must keep his expenses down to $5 per day; and he answered that he could not do it. Walker said he could do it by traveling slower.

This action was to recover some balance of salary, and the excess of expenses over $5 per day during the last three trips. Appellee recovered the whole amount claimed by him in the court below, and no ground is shown on which we can interfere with the judgment. There was a contract between

appellant and appellee for a salary and his expenses. While appellee was working under said contract, appellant could not change it by a statement that the expenses should not exceed a given sum. Fixing a limit to the expenses was a change of the original contract that could only be made by the assent of both parties to it. Walker's statement amounted to nothing more than a proposition to fix a limit to expenses, to which appellee did not agree. He made the subsequent trips under the contract by which he was employed, and that made appellants liable for his actual expenses.

There is no pretense that his actual expenses per day did not equal the amount which he has recovered.

The contention is that Walker's statement fixed a limit, and that all in excess of said limit, appellee must stand himself. This contention is not tenable under the facts in this record, and the judgment must therefore be affirmed.

*Judgment affirmed.*

WATERMAN, J., takes no part in this case.